**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Ivey Nicole Byrd, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Lt. Cisco, *Pickens County Law Enforcement Officer*; Sgt. Capps, *Pickens County Law Enforcement Officer*; Judge Roper, *Sheriff's Office*; Officer Smitty, *Pickens County Police*; Officer McClain, *Pickens County Police*; Tia Hairston; Terry Paden; Capt. Tomberlin; Lt. Tomberlin; Debbie Diane Bowens; James Henry Bowens; Jock M. Evans; Stg. Eaton, *Anderson County*; Officer Pace, *Anderson County*; Captain Hill; Judge Bannister, *Anderson County*; Sgt. Baxter, *Anderson County*; Steve Loftis, *Retired Greenville County*; Don Taylor, *Marianda Caseworker*; Officer William, *Pickens County Police*; Sgt. Jessica; Capt. Underhill; Anderson County Police Department; Pickens County Police Department; and Honea Path Police Department, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 8:23-cv-01717-TMC<br><br>**ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ivey Nicole Byrd, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 7). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On May 15, 2023, the magistrate judge issued an order granting Plaintiff twenty-one (21) days in which to bring the case into proper form. (ECF No. 6). The order also advised Plaintiff of her duty to keep the court informed as to her current address. *Id*. at 3. The

magistrate judge warned Plaintiff that if she failed either to bring the case into proper form within the time permitted or to keep the court informed of her current address, her case may be subject to dismissal.  *Id*. at 2, 3.  The proper form order was mailed on May 15, 2023, to Plaintiff at the address she provided to the court, (ECF No. 8), and was not returned to the court as undeliverable.  Thus, Plaintiff is presumed to have received the proper form order, but nonetheless failed to file any response thereto in the time permitted.

Accordingly, on June 13, 2023, the magistrate judge issued a second proper form order granting Plaintiff an additional ten (10) days in which to bring the case into proper form.  (ECF No. 9).  The second proper form order was mailed to Plaintiff at the address she provided to the court, (ECF No. 10), and likewise has not been returned as undeliverable.  Therefore, Plaintiff is presumed to have received it.  Nevertheless, to date Plaintiff has failed to submit any response to the magistrate judge's proper form orders.

Consequently, on June 29, 2023, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismiss this action for failure to state a claim or pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders.  (ECF No. 12).  The Report also notified Plaintiff of her right to file objections thereto.  *Id*. at 6.  The Report was mailed to Plaintiff on June 29, 2023, (ECF No. 13), and has not been returned as undeliverable.  Therefore, Plaintiff is presumed to have received the Report.  Plaintiff has failed to file any objections to the Report and the time in which to do so has long expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).

Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 12), which is incorporated herein by reference.  Accordingly, this case is **DISMISSED** without prejudice, but without leave to amend, and without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 19, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.